TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiffs,
Naomi Hensley and Ronald Hensley Sr.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Naomi Hensley and Ronald Hensley Sr., | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Asset Recovery Solutions, LLC; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiffs, Naomi Hensley and Ronald Hensley Sr., by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Naomi Hensley and Ronald Hensley Sr. (hereafter "Plaintiffs"), are adult individuals residing in Peoria, Arizona, 85381 and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Asset Recovery Solutions, LLC (hereafter "Asset"), is a company with an address of 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by Asset and whose identities are currently unknown to Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Asset at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor") by someone other than the Plaintiffs.

9. Plaintiffs are in no way responsible for repayment of the alleged Debt.

10. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The alleged Debt was purchased, assigned or transferred to Asset for collection, or Asset was employed by the Creditor to collect the alleged Debt.

12. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Asset Engages in Harassment and Abusive Tactics

13. In or around June of 2014, Asset began calling Plaintiffs in an attempt to collect the Debt from Plaintiffs' son, Ronald Hensley Jr. (the "Debtor").

3

14. Plaintiffs advised Asset that the Debtor did not reside with them and could not be reached at their telephone number.

15. Despite Plaintiffs' unequivocal explanation, Asset continued to call Plaintiffs in an attempt to collect the Debt.

16. The repeated collection calls from Asset caused Plaintiffs a great deal of frustration and inconvenience.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

17. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants contacted Plaintiffs for purposes other than to confirm or correct location information of the Debtor, in violation of 15 U.S.C. § 1692b(1).

19. The Defendants contacted Plaintiffs in regards to the Debtor's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

20. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

21. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

22. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27. Arizona further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendants violated Arizona state law.

28. The Defendants intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with the above referenced telephone calls.

29. The telephone calls made by Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to their existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

32. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 10, 2014            LEMBERG LAW, LLC


By: */s/  Trinette G. Kent*
      Trinette G. Kent

Attorney for Plaintiffs,
Naomi Hensley and Ronald Hensley Sr.